UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

BART J. TARULLI,                           CIVIL ACTION NO.
                                           1:19-cv-02039 (PGG) (OTW)
   Plaintiff,

v.

AMERIPRISE FINANCIAL SERVICES,

   Defendant.

------------------------------------------------------------x

_____

# DEFENDANT'S
# MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
_____

                                       CARLET, GARRISON, KLEIN
                                       & ZARETSKY, L.L.P.
                                       Michael J. Zaretsky, Esq. (MZ-7098)
                                       623 Fifth Avenue, 24th Floor
                                       New York, NY  10022
                                       (212) 869-2147
                                       Attorneys for Defendant

On the Brief:
Michael J. Zaretsky, Esq.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. 2  
**PRELIMINARY STATEMENT** ............................................................................................. 3  
**STATEMENT OF FACTS AND PROCEDURAL HISTORY** ................................................ 4  
**LEGAL ARGUMENT**  
**POINT I**  
**THE VERIFIED PETITION SHOULD BE DISMISSED AS TIME-BARRED** .................... 6  
**CONCLUSION** ....................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Barbier v. Shearson Lehman, Hutton, Inc.*, 948 F2d 117 (2d Cir. 1991) ....................................... 7

*Colavito v. Hockmeyer Equipment Corp.*, 605 F. Supp. 1482 (S.D.N.Y. 1985) ........................... 8

*In re Ballabon,* No. 15 cv. 5016 (DLC), 2015 WL 696 5162 at *4……………………………….7

*Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed. 2d 798 (2007) ......................................... 6

*Kalynaram v. Am. Ass'n. of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, n. (2d Cir. 2014) .............................................................................................................................................. 5

*Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Shaddock*, 822 F. Supp. 125 (S.D.N.Y. 1993) ... 7

*Nghiem v. U.S. Dept. of Veterans Affairs*, 451 F. Supp. 2d 599 (S.D.N.Y. 2006) ........................ 5

*Salas Capital Partners, LLC v. Moser*, 209 F. Supp. 3d 468, n.3, ........................................... 7, 8

**Statutes**

9 U.S.C. §12 .................................................................................................................................. 8
9 U.S.C. §1 .................................................................................................................................... 3

# **TABLE OF AUTHORITIES**

**Cases**

*Barbier v. Shearson Lehman, Hutton, Inc.*, 948 F2d 117 (2d Cir. 1991) ....................................... 7

*Colavito v. Hockmeyer Equipment Corp.*, 605 F. Supp. 1482 (S.D.N.Y. 1985) ........................... 8

*In re Ballabon,* No. 15 cv. 5016 (DLC), 2015 WL 696 5162 at *4……………………………….7

*Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed. 2d 798 (2007) ......................................... 6

*Kalynaram v. Am. Ass'n. of Univ. Professors at N.Y. Inst. of Tech., Inc.*, 742 F.3d 42, n. (2d Cir. 2014) .............................................................................................................................................. 5

*Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Shaddock*, 822 F. Supp. 125 (S.D.N.Y. 1993) ... 7

*Nghiem v. U.S. Dept. of Veterans Affairs*, 451 F. Supp. 2d 599 (S.D.N.Y. 2006) ........................ 5

*Salas Capital Partners, LLC v. Moser*, 209 F. Supp. 3d 468, n.3, ........................................... 7, 8

**Statutes**

9 U.S.C. §12 .................................................................................................................................. 8

9 U.S.C. §1 .................................................................................................................................... 3

# PRELIMINARY STATEMENT

Plaintiff is a former financial advisor and registered representative who was associated with the defendant, Ameriprise Financial Services, Inc. ("Ameriprise") which has been sued as "Ameriprise Financial Services" in this action.

Plaintiff was a party to a franchise agreement with Ameriprise which was terminated, along with his registration, on December 20, 2015.

Subsequent to his termination by Ameriprise, plaintiff initiated arbitration in the office of Dispute Resolution of the Financial Industry Regulatory Authority ("FINRA") on November 25, 2016. In the arbitration the plaintiff alleged breach of contract, discriminatory behavior, failure to supervise, libel and wrongful termination against Ameriprise. Ameriprise denied the allegations and claims. After an evidentiary hearing the arbitration panel denied the plaintiff's claims in their entirety in a written award that was executed in counterparts by each of the arbitrators on dates ranging between September 18th and September 20th, 2018. The arbitration award was served upon the plaintiff and Ameriprise on September 21, 2018.

The plaintiff initiated the above-entitled action in New York Supreme Court, New York County, by filing a "Verified Petition" and Notice of Petition seeking to vacate the arbitration award, on October 19, 2018. Despite the fact that he filed the Verified Petition in state court on October 19, 2018, the plaintiff did not verify the "Verified Petition" until February 12, 2019, and he did not serve the Verified Petition or the Notice of Petition on Ameriprise until February 13, 2019, almost 4 months after the date the arbitration award was served on him by FINRA.

As discussed in more detail below, plaintiff's Verified Petition is barred by the applicable statute of limitations, i.e. the Federal Arbitration Act ("FAA"), at 9 U.S.C. §1, *et seq*. Plaintiff was required to serve the Verified Petition and Notice of Petition on Ameriprise within three

3

months after the arbitration award was filed or delivered. As plaintiff filed the Verified Petition, seeking vacation, on October 19, 2018, it is clear that he was in receipt of the award some time prior to that date. Accordingly, the three-month period provided by the Federal Arbitration Act expired no later than three months later, i.e. January 19, 2019 and as early as December 21, 2018, three months after the award was issued and mailed by FINRA. It is undisputed that Ameriprise was not served with the Verified Petition until February 13, 2019, more than 25 days after the latest date he should have served it under the FAA.

The Statute of Limitations for initiating an action to vacate an arbitration award is not one that is flexible or that can be extended. Accordingly, the Verified Petition is barred by the applicable statute of limitations in the FAA and, therefore, fails to state a claim upon which relief may be granted. This action, therefore, must be dismissed pursuant to Fed. R. Civ. P.12(b)(6).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Ameriprise is a member of FINRA, providing among others, financial planning services and broker-dealer services to its customers including the sale of various investment products. (Declaration of Trina I. Iijima, dated March 12, 2019 ("Iijima Dec."), ¶ 2). The plaintiff was a former registered representative of Ameriprise under applicable FINRA rules providing various services to Ameriprise customers. (*Id*. ¶ 4, 6)

Plaintiff's contractual relationship with Ameriprise was established by a franchise agreement between the plaintiff and American Express Financial Advisors, Inc., a predecessor in interest to Ameriprise. (*Id*., ¶ 4). The plaintiff's relationship and contract with Ameriprise, along

with his FINRA registration, was terminated by Ameriprise on December 20, 2015 for a violation of certain company policies related to unauthorized trades in a client account. (*Id*., ¶ 6).

On or about November 25, 2016, plaintiff commenced arbitration against Ameriprise before FINRA's Office of Dispute Resolution, asserting causes of action for breach of contract, discriminatory behavior, failure to supervise, libel and wrongful termination. (*Id*., ¶ 7) and Exh. A, p.1).[1]  Evidentiary hearings were held pursuant to FINRA's rules in August, 2018, and a written award denying all of plaintiff's claims was issued by the FINRA arbitration panel, with execution by the members of the panel of arbitrators, in counterparts, on dates between September 18 and September 20, 2018. (*Id*., Exh. A, pp. 5-7).  The award also bore a "Date of Service" from FINRA of September 21, 2018. (*Id*., p. 7).  The letter from FINRA transmitting the award to the plaintiff and Ameriprise was dated FINRA on September 21, 2018. (*Id*., Exh. C).

Plaintiff initiated the above entitled action by filing what was designated as a "Verified Petition" with the Supreme Court of the State of New York, New York County, on October 19, 2018 (Doc. 1-1, pp. 1-2).  At the same time, it appears that the plaintiff also filed a "Notice of Petition" with the State Court which indicates that a "return date" of November 20, 2018, for the Petition, was scheduled by the State Court. (Doc. 1-1, p. 3).

While the Verified Petition was filed on October 19, 2018, it does not appear that it was actually verified by the plaintiff until February 12, 2019 (Doc. 1-1, p. 2).  Furthermore, neither

---

[1] Documents outside of a pleading may be considered by the Court in deciding a motion to dismiss, without converting it to a Summary Judgment Motion, if they are attached to the pleading, or incorporated by reference therein, or integral to the pleading. *Kalynaram v. Am. Ass'n. of Univ. Professors at N.Y. Inst. of Tech., Inc.,* 742 F.3d 42, 44, n.1 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 677 (2014); *Nghiem v. U.S. Dept. of Veterans Affairs,* 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006), Aff'd., 323 Fed. Appx. 16 (2d Cir. 2009), *cert. denied*, 588 U.S. 1137 (2010).

the Verified Petition, nor the Notice of Petition or any of the attached documents filed by the plaintiff in the State Court, were served upon Ameriprise until February 13, 2019 (Iijima Dec. ¶ 11-12, Exh. B).[2]

The Verified Petition seeks "maximum" damages of $11,817,945.00. [Doc. 1-2, p. 385]

Ameriprise is a Delaware corporation with its executive offices in Minnesota, and the plaintiff is a citizen of New York. (Iijima Dec. ¶ 3, 5).

Ameriprise timely removed this action to this Court by filing a Notice of Removal [Doc. 1] on March 5, 2019, less than 30 days after Ameriprise was served with the Verified Petition and Notice of Petition.

## LEGAL ARGUMENT

### POINT I

### THE VERIFIED PETITION SHOULD BE DISMISSED AS TIME-BARRED

A pleading asserting a cause of action is subject to dismissal for failing to state a claim if the allegations "show that relief is barred by the applicable statute of limitations." *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21, 166 L.Ed. 2d 798 (2007).

The plaintiff is *pro se*, and his Verified Petition appears to have been completed by the use of a "fill-in-the-blanks" form provided by the State Court Clerk. In such form, one of the blanks asks the plaintiff to "describe what you are requesting" and in response, plaintiff stated "total reversal of decision by FINRA, both compensatory & punitive [sic]. Complainant has organized a booklet listing all infractions toward claimant and showing exhibits and evidence in overwhelming context" (Doc. 1-1, p. 1). In the *ad damnum* clause plaintiff requested that the

---

[2] It does not appear that any new "return date" was established in state court after the November

6

state court "reverse [sic] vacate award by FINRA and award claimant both compensatory and punitive damages.) *Id*., p. 2.

While not specifically designating any causes of action or identifying any relevant statutes, it is clear that the Verified Petition seeks to vacate the FINRA arbitration award award that denied plaintiff any relief under the Statement of Claim he filed with FINRA's office of Dispute Resolution.

The FAA applies to this action in that this case involves the Court's subject-matter jurisdiction, i.e. diversity of citizenship, and the contract calling for arbitration evidences a transaction involving interstate commerce. *Salas Capital Partners, LLC v. Moser*, 209 F. Supp. 3d 468, n.3, *citing In re Ballabon*, No. 15 cv. 5016 (DLC), 2015 WL 696 5162 at * 4 (S.D.N.Y. November 10, 2015). *See, also*, *Barbier v. Shearson Lehman, Hutton, Inc.*, 948 F2d 117, 120 (2d Cir. 1991). ("diversity jurisdiction serves as a basis for invoking the provisions of the FAA…"); *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Shaddock*, 822 F. Supp. 125, 132 (S.D.N.Y. 1993). ("There is little dispute as to the interstate nature of the transactions underlying this controversy: they involve investors from Colorado, a New York financial institution, and the execution of trades involving financial instruments on a national exchange. On this ground at least, respondents' reliance on the FAA is unimpeachable").

It cannot be disputed that the relationship between plaintiff and Ameriprise involved interstate commerce, in that plaintiff is a New York resident and Ameriprise is a corporation organized and existing under laws of the State of Delaware, with its principal corporate offices located in Minnesota. Ameriprise provided various, compliance, administrative and

20, 2018 date.

transactional services from its offices in Minnesota. (Iijima Dec., ¶ 5).  Accordingly, the FAA applies to the instant attempt by the plaintiff to vacate the arbitration award.

The FAA provides its statute of limitations in 9 U.S.C. §12, as follows:

Notice of a motion to vacate, modify or correct an award must be served upon the adverse party or his attorney within 3 months after the award is filed or delivered.

It is undeniable that the plaintiff received the arbitration award at some time before October 19, 2018, when he filed the Verified Petition to vacate it in the State Court.  While the arbitration award has a "Date of Service" of September 21, 2018, and thus was "filed" no later than that date with FINRA's Office of Dispute Resolution, Ameriprise is unable to prove when the award was "delivered" to the plaintiff; but it is evident that it had to be before October 19, 2018. While the FAA does not define the terms "filed and delivered," it has been held that the three-month limitation period is calculated from the date of the award. *Colavito v. Hockmeyer Equipment Corp.*, 605 F. Supp. 1482, 1487 (S.D.N.Y. 1985).

Thus, it is clear that more than three months had transpired after the award was filed and served when plaintiff served the Verified Petition and Notice of Petition on Ameriprise on February 13, 2019.  It is, equally, clear that the FAA's statute of limitations required *service* on Ameriprise, not merely the filing of the Verified Petition and Notice of Petition, within the three-month period.  *Salas Capital Partners, supra,* 289 F.Supp.3d at 476. (Finding "service" of motion to vacate within 3 weeks after service of arbitration award to be timely.)

## **CONCLUSION**

Based upon the foregoing facts and argument, it is respectfully submitted that the plaintiff is time-barred from seeking *vacatur* of the arbitration award. Accordingly, Ameriprise requests

that the Court grant its motion in its entirety and dismiss this action, with prejudice.

Dated:   March 12, 2019

                Respectfully submitted,

                CARLET, GARRISON, KLEIN
                & ZARETSKY, L.L.P.

                By: s/Michael J. Zaretsky
                    Michael J. Zaretsky