UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BART J. TARULLI,

                                Petitioner,                        19-CV-2039 (LJL) (OTW)

          -against-                            **REPORT & RECOMMENDATION**

AMERIPRISE FINANCIAL SERVICES, INC.,

                                Respondent.
-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge**:

**To the Honorable Lewis J. Liman, United States District Judge:**

Petitioner Bart J. Tarulli ("Tarulli"), proceeding *pro se*, brought a petition in New York State Supreme Court to vacate a FINRA arbitration award. Respondent, Ameriprise Financial Services, Inc. ("Ameriprise") removed the petition on March 5, 2019, and filed a motion to dismiss which was fully briefed on May 21, 2019. Although Tarulli's opposition was served on Ameriprise, it was not filed on the docket until February 4, 2020. (*See* ECF 19, 20). For the reasons identified below, I recommend that Tarulli's petition be dismissed as untimely.

**I.**     **Background**[1]

---

[1] The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted). Both Petitioner and Respondent have referenced and attached the verified petition and other relevant documents. On a motion to dismiss, the Court may consider documents attached to the complaint as an exhibit. *See, e.g.*, *Paulemon v. Tobin*, 30 F.3d 307, 308–09 (2d Cir. 1994); *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *LaSalle Nat'l Bank v. Duff & Phelps Credit Rating Co.*, 951 F. Supp. 1071, 1081 (S.D.N.Y. 1996). In ruling on a motion to dismiss, the Court may also consider documents omitted from the plaintiff's complaint but attached by a defendant to its motion to dismiss, particularly where the plaintiff had actual notice of the information or documents in the defendant's papers. *See,*

Until approximately December 20, 2015, Tarulli acted as a financial advisor under a franchise agreement with Ameriprise. Ameriprise terminated the franchise agreement and Tarulli's FINRA registration "for violation of company policies related to unauthorized trades in an Ameriprise client's account." (ECF 12 ¶ 6). After Tarulli's termination, he initiated an arbitration proceeding in FINRA's Office of Dispute Resolution on or around November 25, 2016. (ECF 1-2 at 146; ECF 12, ¶ 7). On or around September 20, 2018, the FINRA arbitrators issued an award denying all relief sought, but recommended expungement of the "Termination Explanation" of the Form U5 filed by Ameriprise to state, in its entirety, "The registered representative was terminated on December 7, 2015 for company policy violations." (*See* ECF 12-1). The arbitration award was served on the parties on September 21, 2018. (*Id.*)

On October 19, 2018, Petitioner filed his Verified Petition in New York State Supreme Court, but it does not appear to have been verified until February 12, 2019. (*Compare* ECF 1-1, at 1-3, *with Id*. at 10). In his opposition, Petitioner asserts that he served Ameriprise with his petition on February 13, 2019. (ECF 20 at 6). On March 5, 2019, Respondent removed the Petition to this Court. Petitioner seeks vacatur of the arbitration award "due to actions and behaviors that violate FINRA arbitration rules & regulations." (Verified Petition – ECF 1-1 at 7).

Respondent, represented by counsel, filed its motion to dismiss, asserting only a timeliness argument, on March 12, 2019, and filed its reply, addressing Petitioner's opposition, on May 21, 2019, apparently never noticing that *pro se* Petitioner had not filed his opposition

---

*e.g., Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47–48 (2d. Cir. 1991) (district court may consider exhibits omitted from a plaintiff's complaint but attached as exhibits to a defendant's motion papers where "there was undisputed notice to plaintiffs of their content and they were integral to plaintiff's claim.").

brief on the docket. I issued an order on January 14, 2020, directing Petitioner to file his opposition on the docket, which he timely filed on February 4, 2020. (ECF 20). On February 10, 2020, Petitioner filed a letter attaching correspondence from the Hennepin County Sheriff's Office concerning the timing of service, which the Court will construe as a supplement to his opposition. (*See* ECF 21).

II. **Discussion**

A. **Timeliness**

The parties do not dispute that the arbitration award was served on September 21, 2018, and that Petitioner served his Verified Petition to vacate the award on February 13, 2019, or 143 days later. (ECF 1-2 at 150; ECF 12 ¶¶ 11-13; ECF 20 at 6). Construing Petitioner's opposition to raise the strongest arguments, Petitioner argues that under federal or state procedural rules, the service of a "summons and complaint" was due in 120 days or, in the alternative, that the 90-day time for service should have been tolled for a period of delays when he attempted unsuccessfully to serve Ameriprise by mailing an unverified petition to the "Henedin [sic] [County] Sheriff Office." (*See* ECF 20).

Under 9 U.S.C. § 12, a "[n]otice of motion to vacate, modify, or correct an award must be served upon the adverse party . . . within three months after the award is filed or delivered." Courts in this circuit have found that this three-month limitation "is a statute of limitations and the failure to bring a timely motion is an absolute bar to an application seeking vacatur or modification." *Hamilton v. Navient Solutions, LLC*, No. 18-cv-5432 (PAC), 2019 WL 633066, at *4 (S.D.N.Y. Feb. 14, 2019) (citing *Northeast Sec., Inv. v. Quest Capital Strategies, Inc.*, No. 03-cv-

3

2056 (RWS), 2003 WL 22535093, at *2 (S.D.N.Y. Nov. 7, 2003) (denying motion to vacate as untimely for being served one day too late); *see also Marshak v. Original Drifters, Inc.*, No. 19-cv-7035 (PGG), 2020 WL 1151564 at *4 (S.D.N.Y. Mar. 10, 2020) (holding that 9 U.S.C. §12 "offers no exception to the three-month service period") (internal quotations omitted) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984)).

    Plaintiff asserts that he attempted to serve Respondents with a copy of the Petition (originally filed in New York State Supreme Court) by mailing it to the "Henedin [sic] County" Sheriff's Office at "350 S st, Minneapolis, Mn.," on or around "October 21-22, 2018." (ECF 20 at 8). He then asserts that his papers were returned to him on November 29, 2018. (*Id*. at 9). Assuming that were the case, Petitioner still had 21 days left to timely serve Respondents, but he failed to do so. "Even in pro se cases, there is no exception to the requirement that a motion to vacate be served within 90 days of the date the award was filed or delivered and failure to comply with this requirement waives the right to seek vacatur." *Lobaito v. Chase Bank*, No. 11-cv-6883 (PGG), 2012 WL 3104926 at *5 (S.D.N.Y., Jul. 31, 2012) (internal citations and quotations omitted) (quoting *Funcia v. NYSE Group,* No. 07-cv-1745 (RWS), 2007 WL 4276897, at *3 (S.D.N.Y. Dec. 3, 2007)) *aff'd* 529 Fed. Appx. 100 (2d Cir. 2013); *see also Santos v. Gen. Elec. Co.*, No. 10-cv-6948 (JSR) (MHD), 2011 WL 5563544, at *7 (S.D.N.Y. Sept. 28, 2011) (holding that even where a litigant "confronts obstacles to the prompt service of her pleading . . . because she must wait until that Clerk processes her complaint, that would not excuse her non-compliance with the notice requirement."), *report and recommendation adopted*, No. 10-cv-6948 (JSR), 2011 WL 5563536 (S.D.N.Y. Nov. 15, 2011).

### III.    Conclusion

For the foregoing reasons, I respectfully recommend that Defendant's Motion to Dismiss, (ECF 6), be **GRANTED** and, accordingly, that Petitioner's petition should be dismissed as untimely.

### IV.    Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. *See also* FED. R. CIV. P. 6 (allowing three (3) additional days for service by mail). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed or filed by mail with the Clerk of Court, *Pro Se* Intake Unit, United States Courthouse, 500 Pearl Street, Room 200, New York, New York 10007.[2] Any requests for an extension of time for filing objections must be directed to Judge Liman. If Plaintiff wishes to review, but does not have access to, cases cited herein that are reported on Westlaw, he should request copies from Defendants. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS <u>WILL</u> RESULT IN A WAIVER OF OBJECTIONS AND <u>WILL</u> PRECLUDE APPELLATE REVIEW.** (*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v.*

---

[2] In light of the ongoing COVID-19 pandemic, the Pro Se Intake Unit is accepting filings through the mail and through a drop box located in the courthouse lobby. Filings from *pro se* parties without electronic filing privileges are also being <u>temporarily</u> accepted by email. Further information and instructions may be found at https://www.nysd.uscourts.gov/prose. Parties are encouraged to avoid travel and submit filings via mail or email.

*Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983)).

**The Defendant is directed to mail/serve a copy of this Report and Recommendation on the *pro se* Plaintiff and file proof of service on the docket.**

Respectfully submitted,

_s/ Ona T. Wang_

Dated: April 14, 2020          **Ona T. Wang**
New York, New York             United States Magistrate Judge